IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MERRION, | : | CIVIL ACTION NO. **1:CV-13-1757** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| CORIZON HEALTH, INC., *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.    BACKGROUND.**

On June 26, 2013, Plaintiff, formerly an inmate confined at SCI-Mahanoy, Mahanoy, Pennsylvania, filed through counsel, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).  He also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). Plaintiff names as Defendants Corizon Health, Inc., Prison Health Services, Inc.[1], PHS Correctional Healthcare, Dr. Robert Maxa, Beverly O'Rourke, Rhonda Sherbine, Dr. Dennis Parlavecchio, Dr. Renato Diaz, Dr. Gaye Gustitus, Dr. David Ahner, Dr. John Lisiak, Nelson Iannuzzi, and Richard Andreuzzi.

**II. ALLEGATIONS OF COMPLAINT**

In his Complaint, Plaintiff makes out several claims arising from the medical care he received while in custody at SCI Forest, where he was incarcerated from 2008 through May of 2011, and as an inmate at SCI Mahanoy, where he was incarcerated from May 2011 through 2012.  (Doc. 1, p.

---

[1]Plaintiff notes in his Complaint that, upon his information and belief, Defendant Corizon Health, Inc. was formed in 2011 through a merger including PHS.  Any references he makes to PHS, therefore, include PHS as an entity after its merger.

5-6). Plaintiff alleges that in April of 2008, he began experiencing severe pain in his back/hip/groin area. (Id.). As a result of this pain, Plaintiff sought treatment with the medical treatment staff, and was given a renal ultrasound in April 2008 and an x-ray in May of 2008, neither of which was conclusive. (Id. at p. 7). Plaintiff states that he repeatedly complained of pain, but his complaints were dismissed by the named medical staff defendants as "spasms", and as such he was treated only with over-the-counter pain medication, such as Motrin. (Id. at p. 8). Plaintiff remained on basic pain medication and topical analgesic cream as treatment for several years. (Id.). Over the next several years, Plaintiff avers that the pain came and went, becoming so severe at times that he was unable to walk. (Id.).

In March of 2012, Plaintiff was transferred to Columbia County Correctional Facility. (Id.). As a result of his continuing complaints of pain, he was sent for an MRI in August of 2012 which revealed that he was suffering from a softball-size tumor around his psoas muscle and lower spine. (Id. at p. 10). Plaintiff avers, "treating Mr. Merrion with only Motrin, Flexeril, and a topical analgesic cream for four years while Mr. Merrion has back pain and radiculopathy symptoms are increasing and not resolving is conduct which the defendants knew or should have known from their training and experience presented a substantial risk of serious harm to Mr. Merrion." (Id. at p. 10).

Plaintiff claims that this failure to treat by Defendants constitutes a violation of his Eighth Amendment right to medical care under § 1983, as well as Pennsylvania state law claim for negligence. (Id. at p. 14-15). As relief, Plaintiff requests unspecified monetary damages, including

punitive damages, along with reasonable costs and fees. (Id. at p. 16).[2]

## II. STANDARDS OF REVIEW.

### A. PLRA

The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In screening a Complaint under the PLRA, the Court uses the same standard that it uses to determine a Rule 12(b)(6) Motion to Dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

---

[2]To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory damages) against Defendants in their official capacities, we will recommend that this request for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from Defendants in their personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## B. SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Kaucher v. County of Bucks*, 455 F.3d at 423. Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M.D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's

allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted). A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

In screening a Complaint under the PLRA, the Court utilizes the same standard as it uses in deciding a Rule 12(b)(6) motion to dismiss. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

### C. MOTION TO DISMISS STANDARD

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure

5

to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly,* 550 U.S. at 555) (not precedential).

## III. DISCUSSION.

### 1. SCI Forest Defendants

Insofar as Plaintiff is raising claims arising out of his confinement at SCI Forest, we recommend that those claims be transferred to the District Court for the Western District of Pennsylvania. Plaintiff's Eighth Amendment claims against the SCI Forest employees arose while he was detained at SCI Forest, which is located in Marienville, Pennsylvania. Marienville, Pennsylvania is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and all of the Defendants regarding Plaintiff's claims which arose at SCI Forest are located there.

Therefore, venue is proper in the Western District of Pennsylvania with respect to all of Plaintiff's claims against the SCI Forest employees. *See Joyner v. BOP*, 2005 WL 3088371 (M.D. Pa.); *Michtavi v. Miner*, Civil No. 07-0628, M.D. Pa.; *Aponte v. Cheponis*, Civil No. 10-0003, M.D. Pa.; *Fattah v. Doe*, 2010 WL 5147449. Thus, we will recommend that Plaintiff's claims arising at SCI Forest be dismissed without prejudice. Alternatively, we will recommend that all of Plaintiff's claims against the SCI Forest employees be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

Accordingly, we will recommend that all of Plaintiff's claims against the SCI Forest employees be transferred to the United States District Court for the Western District of Pennsylvania, or, in the alternative, that they be dismissed without prejudice for Plaintiff to file in the Western District of Pennsylvania.

Plaintiff signed and dated his Document 1 Complaint on June 25, 2013. (Doc. 1, p. 18). Thus, under the prison mailbox rule, we use this date as the filing date for purposes of determining the start date of the two-year statute of limitations with respect to Plaintiff's constitutional claims. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10). The applicable statute of limitations in a §1983 civil rights action in Pennsylvania is two years, as the statute of limitations for § 1983 claims is typically governed by the statute of limitations that applies to personal injury tort claims in the state in which the claims arise. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (holding that "The statute of limitations period for § 1983 claim arising in Pennsylvania is two years.").

We acknowledge, however, the existence of the so-called "discovery rule" exception to the statute of limitations in Pennsylvania. The Superior Court of Pennsylvania has explained, "The discovery rule tolls the statute of limitations to reflect the 'plaintiff's complete inability, due to facts and circumstances not within his control, to discover an injury despite the exercise of due diligence.'" *Barnes v. American Tobacco Co. Inc.*, 984 F. Supp. 842, 856 (E.D. Pa. 1997) (quoting *Kingston Coal Co. V. Felton Mining Co., Inc.,* 456 Pa. Super. 270, 690 A.2d 284, 288 (Super. 1997)). Further, the Supreme Court has noted that, "the cry for [the discovery] rule is loudest in latent disease and medical malpractice cases." *TRW Inc., v. Andrews*, 523 U.S. 19, 27 (2001).

Although we take note of the potential implication of the discovery rule in the instant matter, we will decline to make a recommendation in regard to the applicability of that rule, because we find that the instant claims arising out of SCI Forest should be transferred to the Western District of Pennsylvania.

We note further that, with regard to Defendants Corizon Health, Prison Health Services, and PHS Correctional Healthcare, Plaintiff has not indicated which facilities these companies serve, or at which time they provided medical service. At this time, it is unclear whether these Defendants will be subject to either the aforementioned time bar or transfer of venue. We will recommend, therefore, that the stated medical company Defendants be dismissed without prejudice, and that Plaintiff be granted leave to amend his Complaint to demonstrate that they are not subject to the above mention time bar or venue transfer.

We note further that Plaintiff has stated a proper constitutional claim against Defendant Prison Health Services ("PHS") under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because this Defendant is seemingly contracted to provide medical care to inmates at SCI Forest or SCI Mahanoy[4], the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009). Defendant Prison Health Services cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[5] Rather, Defendant Prison Health Services "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

> In *Mangus*, the Court stated:
>
> With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000). 2010 WL 521114, *3.

In the instant Complaint, Plaintiff does allege such an unconstitutional policy, namely, that PHS provides the least amount of medical care possible, and further, that it negligently delays providing such care. (Doc. 1, p. 12). Although Plaintiff has alleged a proper *Monell* claim, he has

---

[4]Again, we note that Plaintiff has not alleged where the Defendant companies operate, therefore, at this time, we are uncertain as to which Defendant healthcare provider operates at which correctional facility.

[5]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

not properly indicated where or when Defendant Prison Health Services operates. Because this Defendant may be time-barred, we will still recommend that it be dismissed without prejudice, so that Plaintiff may provide the facts necessary for a proper claim against it in an amended complaint.

### 2. SCI Mahanoy Defendants

As discussed, in a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Holocheck, supra*. However, with regard to Defendants Diaz, Gustitus, Ahner ,Lisiak, Iannuzzi, and Andreuzzi, aside from naming them as Defendants, Plaintiff does not even mention their names in his lengthy Statement of Claims or Requests for Relief, and therefore has failed to allege their personal involvement in regards to his alleged Eighth Amendment claims. He does make general references to "the defendants" throughout his Complaint, but at no time does Plaintiff actually allege the personal involvement of any one individual Defendant as required.

The Court in *Rogers* repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* quoting *Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The

> supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 [or 1331] liability cannot be predicated solely on *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 [or1331] for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. *Rode,* 845 F.2d at 1208; *Cooper v. Beard,* 2006 WL 3208783 at *14 (E.D.Pa. Nov. 2, 2006).
> 
> *Rogers v. U.S.*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010).

Additionally, in *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). We will recommend that the remaining Defendants, namely Diaz, Gustitus, Ahner, Lisiak, Ianuzzi, and Andreuzzi, be dismissed without prejudice. At this time, we do not find futility in granting Plaintiff leave to amend his Complaint, as to sufficiently allege the requisite personal involvement of each Defendant.

### 3. Negligence Claim

To the extent Plaintiff is seeking to file a professional medical malpractice action under state law against Defendants in this case, he was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1). A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D.

12

Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court). There is no record that Plaintiff filed a COM in this case, therefore we will recommend that his Pennsylvania state law professional negligence claim be dismissed without prejudice, pending proof of a Certificate of Merit.

## IV. RECOMMENDATION.

Based on the above, it is respectfully recommended that:

**1)** Plaintiff's claim for denial of medical care against Defendants Maxa, O'Rourke, Sherbine, and Parlavecchio, which arose at SCI Forest, be transferred to the District Court for the Western District of Pennsylvania, or, alternatively, that they be dismissed so that Plaintiff can file an action against these Defendants in the Western District of Pennsylvania.

**2)** Plaintiff's professional negligence claims against Defendants Prison Health Services, Corizon Health, and PHS Correctional be dismissed without prejudice.

**3)** Defendants Diaz, Gustitus, Ahner, Lisiak, Iannuzzi, and Andreuzzi be dismissed without prejudice to allow Plaintiff to file an Amended Complaint to properly state the personal involvement of each one of the stated Defendants.

    s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 1, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MERRION, | : | CIVIL ACTION NO. **1:CV-13-1757** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CORIZON HEALTH, INC., *et al.*, | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 1, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                             s/ Thomas M. Blewitt
                                                           **THOMAS M. BLEWITT**
                                                           **United States Magistrate Judge**

**Dated: August 1, 2013**