UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MERRION,
    Plaintiff

v.      CIVIL NO. 1:13-CV-1757

CORIZON HEALTH, INC., *et al.*,
    Defendants.

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Blewitt (Doc. 19), which recommends that we dismiss the claims against Defendants Diaz, Gustitus, Ahner, Lisiak, Iannuzzi, Andreuzzi, Prison Health Services, Corizon Health, and PHS Correctional Healthcare, and transfer the claims against Defendants Maxa, O'Rourke, Sherbine, and Parlavecchio, to the District Court for the Western District of Pennsylvania. Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The magistrate judge's report outlines the facts of this case, so we will not reiterate them here.

    Plaintiff first objects to the fact that his complaint was screened by the magistrate judge. Plaintiff contends that because he was not a prisoner when the lawsuit was filed, his claim is not subject to the initial screening process of the Prison Litigation

Reform Act ("PLRA"). (Doc. 32, at 13). However, because Plaintiff filed a Motion to Proceed *in forma pauperis*, (Doc. 2), the Court has the authority to screen the complaint for merit before permitting the suit to proceed. See 28 U.S.C. § 1915(e)(2). Despite Plaintiff's assertion to the contrary, it is well-settled that the federal *in forma pauperis* statute is not limited to suits by prisoners. See Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997). Pursuant to that statute, "the Court may authorize the commencement of a civil suit, without prepayment of fees, by a '*person*' who submits an affidavit that includes a statement that the person is unable to pay such fees. Moreover, the statute authorizes the dismissal of a case, at any time, if the Court determines that the action fails to state a claim on which relief may be granted." Richardson-Graves v. Empire Beauty School, 2013 WL 1760413, 2013 U.S. Dist. LEXIS 59403, No. 1:13-cv-525 (M.D. Pa., Apr. 3, 2013) (Schwab, M.J.) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)) (emphasis added). While the courts of appeals have held that certain procedural requirements of the PLRA do not apply to non-prisoners,[1] the screening process initiated by a Motion to Proceed *in forma pauperis* is not one of them. See Powell, 956 F. Supp. at 566. The magistrate judge had the authority to screen Plaintiff's complaint regardless of whether he was a prisoner when the suit was filed.

---

[1] Plaintiff cites Ahmed v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002), to support his argument. However, the cases collected in that opinion do not address the federal *in forma pauperis* statute; rather, they discuss other requirements of the PLRA in regard to non-prisoner plaintiffs. See, e.g., Harris v. Garner, 216 F.3d 970, 979-80 (11th Cir. 2000) (finding that the PLRA physical injury requirement does not apply to former prisoners); Janes v. Hernandez, 215 F.3d 541, 543 (5th Cir. 2000) (finding that the PLRA fee limit does not apply to former prisoners).

Second, Plaintiff objects to the portion of the magistrate's report that references the prisoner mailbox rule. Because Plaintiff is not currently a prisoner, and we agree that the rule does not apply, we will reject this portion of the report.

Plaintiff next objects to the magistrate judge's recommendation that the claims against SCI-Manahoy Defendants Diaz, Gustitus, Ahner, Lisiak, Iannuzzi, and Andreuzzi be dismissed without prejudice for failure to plead personal involvement. We agree with the magistrate judge's conclusion that Plaintiff failed to demonstrate the personal involvement of all defendants. Merely referring to "the defendants" throughout his complaint does not satisfy Plaintiff's burden to "show that each named defendant was personally involved in the events or occurrences upon which [his] claims are based." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). However, we agree with the magistrate's recommendation that Plaintiff be permitted to amend his complaint, and we will adopt this portion of the magistrate's report.

Plaintiff also objects to the magistrate judge's recommendation that the claims against the SCI-Forest Defendants be transferred to the Western District. "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391. Plaintiff's suit arises from conduct that began at SCI-Forest, which is located in the Western District, and continued at SCI-Mahanoy, which is located in the Middle District. Venue is therefore proper in both districts, provided that Plaintiff can

3

state a claim upon which relief can be granted.  Because Plaintiff's claims arising in the Middle District are being dismissed with leave to file an amended complaint, we will reject the portion of the magistrate judge's report that recommends transferring the remaining claims.

However, Plaintiff's remaining claims against the SCI-Forest Defendants suffer from the same defect as his claims against the SCI-Manahoy Defendants:  he has failed to sufficiently allege their personal involvement in his injury.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . .  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted).  Reviewing Plaintiff's complaint, we are unable to discern how each SCI-Forest Defendant was personally involved in Plaintiff's injury.  Accordingly, these claims will be dismissed without prejudice, and Plaintiff will be given leave to file an amended complaint.

Last,[2] Plaintiff objects to the portion of the magistrate judge's report that discusses the claims against Defendant companies Corizon Health, Prison Health Services, and PHS Correctional Healthcare.  We agree with the magistrate judge's

---

[2]  Plaintiff also objected to the magistrate judge's recommendation that his professional negligence claims be dismissed for failure to file Certificates of Merit, as required by Pennsylvania Rule of Civil Procedure 1042.3(a).  Because we find that Plaintiff timely filed Certificates of Merit relating to all defendants four days after the magistrate judge issued his report (Docs. 20-30), we will reject this portion of the report.

4

conclusion that the complaint fails to specify which facility each defendant company serviced, and at what time. We will adopt the portion of the magistrate judge's report that recommends Plaintiff's claims against the medical company defendants be dismissed without prejudice.

AND NOW, this 29th day of August, 2013, upon consideration of the report and recommendation of the magistrate judge (Doc. 19), filed August 1st, 2013, and the objections that were filed, it is ordered that:

> 1. The magistrate judge's report (Doc. 19) is REJECTED in part and ADOPTED in part.
>
> 2. The portion of the magistrate judge's report that recommended Plaintiff's claims against Defendants Diaz, Gustitus, Ahner, Lisiak, Iannuzzi, Andreuzzi, Corizon Health, Prison Health Services, and PHS Correctional Healthcare be dismissed without prejudice, and that Plaintiff be given leave to file an amended complaint, is ADOPTED.
>
> 3. The magistrate judge's report is REJECTED in all other aspects.
>
> 4. Plaintiff's claims against Defendants Maxa, O'Rourke, Sherbine, and Parlavecchio are dismissed without prejudice.
>
> 5. Plaintiff has twenty (20) days to file an amended complaint.
>
> 6. This above-captioned case is remanded to the magistrate judge for further proceedings, including a Report and Recommendation on dispositive motions, if necessary.

                                         /s/ William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge