UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MERRION,
    Plaintiff

v.      CIVIL NO. 1:13-CV-1757

CORIZON HEALTH, INC., *et al.*,
    Defendants.

*M E M O R A N D U M*

*I.*      *Introduction*

We are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Blewitt (Doc. 45), which recommends that we grant Plaintiff's motion to strike Defendants' Exhibit A (Doc. 37-1), and grant Defendants' motion to dismiss in part, and deny it in part. Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

*II.*      *Background*

The magistrate judge's report outlines the facts of this case, so we will not reiterate them here.

*III.*      *Discussion*

    *A. Statute of Limitations*

Plaintiff first objects to the magistrate's finding that his Section 1983 claims against Defendants Maxa, O'Rourke, Sherbine, and Parlavecchio ("SCI-Forest

Defendants"), should be dismissed as untimely. (Doc. 47 at 6-13). These claims arise from Plaintiff's confinement at SCI-Forest from April 2008 through May 2011. Plaintiff agrees that the statute of limitations for Section 1983 actions is two years, but argues that this limitations period was tolled by Pennsylvania's discovery rule. The discovery rule "tolls the statute of limitations when an injury or its cause was not known or reasonably knowable 'despite the exercise of due diligence.'" Lokuta v. Sallemi, No. 13-0288, 2013 WL 5570227, at *15 (M.D. Pa. Oct. 9, 2013) (Caputo, J.) (quoting Mest v. Cabot Corp., 449 F.3d 502, 510, 516 (3d Cir. 2006)). While state law governs tolling principles, federal law determines when a Section 1983 cause of action accrues. Id. at *15-16. "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which his action is based." Id. at *16.

Plaintiff argues that his claims against the SCI-Forest Defendants are timely because he was not able to discover his injury until 2012, when the Columbia County Correctional Facility's medical staff ordered an MRI that revealed a large cancerous spinal tumor. Conversely, Defendants contend that Plaintiff discovered his injury in 2008, when he first complained of untreated severe back pain. (Doc. 37, at 6-7).

Ordinarily, under the discovery rule, "a plaintiff need not understand the precise medical cause of his or her injury before the statute begins to run." Harris v. Arias, No. 10-848, 2013 WL 5777027, at *10 (E.D. Pa. Oct. 25, 2013). In order to take advantage of the rule, a "[p]laintiff must have exercised reasonable diligence to uncover

2

his injury and its cause, which may 'require one to seek further medical examination as well as competent legal representation.'" Id. at *10. The Eastern District of Pennsylvania recently found that this burden of "reasonable diligence" is reduced where the plaintiff is a prisoner. See Harris, 2013 WL 5777027 at *10-*12. In Harris v. Arias, the plaintiff, a prisoner, suffered a traumatic eye injury in May 2005 that continued to worsen rather than heal. Id. at *1. From the date of the injury until February 2008, the plaintiff complained of serious eye pain and worsening blurred vision, but prison doctors incorrectly attributed his symptoms to the old injury. Id. Eventually, in February 2008, the plaintiff was taken to a hospital where he was diagnosed with steroid-induced glaucoma, which had already caused permanent vision loss. Harris, 2013 WL 5777027 at *1. Plaintiff filed suit in January 2010, and defendants argued that the suit was time-barred because plaintiff's claims were based on an injury that occurred more than two years earlier. Finding that the lawsuit was timely filed, the court reasoned that, while "'unrebutted suspicion' that one has suffered an injury caused by another will often be sufficient by itself to start the limitations clock . . . ," that suspicion can be overcome by "repeated assurances that the treatment and monitoring [one] was receiving was appropriate." Id. at *11 (citing Debiec v. Cabot Corp., 352 F.3d 117, 132 (3d Cir. 2003); Bohus v. Beloff, 950 F.2d 919, 922-23, 926 (3d Cir. 1991)). "To hold . . . that Plaintiff should have nonetheless been aware enough of his injury and its cause to trigger the statute of limitations would run afoul of the general rules that 'lay persons should not be

charged with greater knowledge of their physical condition than that possessed by the physicians on whose advice they must rely . . . ." Id. The court concluded that,

> Plaintiff's status as an inmate meant that he could not simply receive a second opinion from an outside doctor. He was limited to seeing the doctors that the prison allowed him to see. Even if we were to view the record in the light most favorable to the Defendants, Plaintiff's repeated requests for more information from prison doctors, including his filing of multiple grievances and demands for appropriate follow-ups, satisfied his duty of reasonable diligence as a matter of law.

Harris, 2013 WL 5777027 at *12. The Harris case is remarkably similar to the one before us. Plaintiff discussed his symptoms with the SCI-Forest Defendants on at least ten occasions between April 2008 and February 2011. (Doc. 35, ¶ 31). Defendants diagnosed him with spasms and prescribed Motrin and Flexeril. (Doc. 35, ¶ 33). In May 2011, Plaintiff was transferred to SCI-Mahanoy, where he continued seeking treatment for the pain, and was told to rest. (Doc. 35, ¶ 34). Plaintiff was released from state custody and transferred to a county jail in 2012. (Doc 35, ¶ 43). He discussed his symptoms with the medical staff there, and in August 2012, they ordered an MRI that revealed the true cause of Plaintiff's pain. (Doc. 35, ¶ 46). It appears that Plaintiff exhausted the medical providers available to him in prison. He sought treatment at every correctional facility where he was housed. Presented with this scenario, we are persuaded by the reasoning of Harris, and find that Plaintiff's repeated complaints to Defendants about his persistent back pain satisfied his duty of reasonable diligence under the discovery rule. Accordingly, we conclude that the statute of limitations did not

4

begin to run until Plaintiff learned the results of the August 2012 MRI. Plaintiff's claims against the SCI-Forest Defendants are therefore timely.[1]

Since the magistrate judge did not reach the merits of Defendants' motion to dismiss the claims against the SCI-Forest Defendants, we must address whether Plaintiff has properly stated a claim under Section 1983 for deliberate indifference to his serious medical needs.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). To state a claim for deliberate indifference, Plaintiff must show that he had a serious medical need, and that prison officials were deliberately indifferent to that need. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d

---

1. Plaintiff also objects to the portion of the magistrate judge's report that finds the continuing violation doctrine inapplicable to Plaintiff. (Doc. 47 at 7-13). Because our resolution of the discovery rule objection is dispositive on the issue of timeliness, we need not address Plaintiff's objection regarding the continuing violation doctrine.

Cir. 2003). "A prison official acts with deliberate indifference . . . when 'he knows of and disregards an excessive risk to inmate health and safety . . . ." Id. (citing Farmer v. Brennan, 511 U.S. 825 (1994)).

Examining the allegations in Count I, we find that Plaintiff's claims against the SCI-Forest Defendants survive the motion to dismiss. Plaintiff alleges that he complained of severe pain that presented a serious risk to his health, and that Defendants "disregarded that risk by failing to take reasonable measures to abate it." (Doc. 35, ¶ 53). Plaintiff has alleged the personal involvement of each of the SCI-Forest Defendants. (Doc. 35, ¶ 31). Therefore, we will reject the portion of the magistrate judge's report recommending dismissal of the claims against these Defendants.

*B. Claims Against Prison Health Services, Inc., and PHS Correctional Healthcare*

Next, Plaintiff objects to the portion of the magistrate's report that recommends we dismiss the claims against Prison Health Services, Inc. ("Prison Health Services"), and PHS Correctional Healthcare ("PHS"). Plaintiff avers that from 2008 through 2011, the state of Pennsylvania contracted with Prison Health Services and PHS to provide health care for prison inmates. Because the magistrate found that Plaintiff's claims from 2008 through 2011 were time-barred, the magistrate recommended that the claims against these institutional defendants be dismissed. Since we find Plaintiff's claims are timely, we will reject the portion of the report recommending dismissal of Prison Health Services and PHS.

### C. Vicarious Liability

Last, Plaintiff objects to the magistrate's finding that Corizon Health cannot be held vicariously liable for the conduct of its employees. (Doc. 45, at 28). "While plaintiff agrees that this [is true in regard to] plaintiff's § 1983 claim, plaintiff also raises a claim of professional negligence under Pennsylvania state law. In this context, Corizon (and PHS) are vicariously liable for the negligent acts of their employees." (Doc. 47, at 20). Reviewing the report, we find that the magistrate was referring only to Plaintiff's Section 1983 action when discussing the issue of vicarious liability. While we acknowledge Plaintiff's objection, it is mooted by the fact that the magistrate did not conclude that Corizon could escape vicarious liability on the state law negligence action.

### IV. Conclusion

For the reasons stated above, we will adopt the magistrate judge's report in part, and reject it in part. We will issue an appropriate order.